UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WILLIAM CORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-00015-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner Of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

William Corley seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied his claim for disability insurance benefits. Mr. Corley brings this action pursuant to 42 U.S.C. § 405(g), alleging errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Corley's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff William Corley initially filed an application for Title II disability insurance on October 29, 2015, alleging disability beginning on March 31, 2014. [Transcript (hereinafter, "Tr.") 117.] His claim was initially denied on January 15, 2016, reconsidered on April 22, 2016, and a hearing was held on November 14, 2016. *Id*. Administrative Law Judge (ALJ) Roger L. Reynolds denied his request for benefits a month later. *Id*. at 114. The Appeals Counsel reviewed the determination, found errors, and remanded to the ALJ for additional consideration. *Id*. at 133–37. Upon remand, ALJ Reynolds held another hearing and again denied Mr. Corley's

claim on October 2, 2017. *Id*. at 10. He again petitioned review from the Appeals Council, but this was denied, rendering the October 2 decision final. *Id*. at 1–5.

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id*.; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At the outset of this case, the ALJ determined that Mr. Corley met the insured status requirements of the Social Security Act through March 31, 2020. Tr. 12; *see also* 20 C.F.R. § 404.131. Then, at step one, ALJ Reynolds found Mr. Corley had not engaged in substantial gainful activity since the alleged disability onset date, March 31, 2014. Tr. 12. At step two, the ALJ found Mr. Corley to suffer from the following severe impairments: degenerative disc disease of the cervical and lumbar spine; eczema; posttraumatic stress disorder; right shoulder degenerative joint disease; status post recent left shoulder fracture; obstructive sleep apnea; status post fracture of left ankle; mild traumatic brain injury; right kidney failure; hypertension; and chronic obstructive pulmonary disease. *Id*. at 12–13. At step three, the ALJ determined his combination of impairments did not meet or medically equal one the severity of one of the listed impairments n 20 C.F.R. Part 404 or Part 416. *Id*. at 13. Before moving on to step four, the ALJ considered the record and determined that Mr. Corley possessed the following residual functioning capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that [Mr. Corley] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can lift, carry, push or pull no more than 20 pounds occasionally and up to 10 pounds frequently; stand and walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday. The Claimant can do no climbing of ropes, ladders or scaffolds and he is limited to occasional climbing of

3

stairs or ramps, occasional balancing, stooping, kneeling, crouching or crawling. He can do no work with hands over the head, no operation of foot pedal controls and no exposure to concentrated vibration or industrial hazards. There must be no exposure to concentrated dust, gases, smoke, fumes, temperature extremes or excess humidity. He requires entry level work with simple repetitive procedures and can tolerate only occasional changes in work routines; there should be no requirement for detailed or complex problem solving, independent planning or the setting of goals, and he should work in an object-oriented environment with only occasional and casual contact with coworkers, supervisors or the general public.

*Id*. at 16. After explaining the RFC, the ALJ found at step four that, based on his RFC, age, education, and work experience, Mr. Corley was not capable of performing past relevant work as an Army food inspector and combat soldier/medic, but was capable of performing other jobs existing in the national economy. *Id*. at 21–22. Accordingly, the ALJ found at step five that Mr. Corley was not disabled from March 31, 2014, through the date of the decision, pursuant to 20 C.F.R. §§ 404.1520(g). *Id.* at 23. Mr. Corley filed this action for review on March 16, 2018. [R. 1.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Mr. Corley argues, "The ALJ failed to properly consider the evidence underlying the VA's determination that the claimant is 100% service-connected disabled and individually unemployable." [R. 7 at 1.] According to Mr. Corley, the ALJ erred by ignoring the supporting evidence upon which the VA determined him to be disabled. *Id*. at 7–8. However, Mr. Corley's arguments do not warrant reversal of the ALJ's determination.

In his motion, Mr. Corley concedes that the decisions of the Veteran's Administration are not determinative here. *Id*. at 3. While an ALJ is required to consider the findings of another government agency, a decision by an agency separate from the Social Security Administration is not binding on the Commissioner. Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *6–7.

ALJ did not ignore the VA decision, nor did he ignore the supporting evidence. While the disability rating from the Veterans Association is entitled to consideration, such a rating is

not binding, nor is there any specific weight an ALJ is required to give a VA determination. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013). Here, the ALJ reviewed the VA disability determination and gave adequate reasons for not giving it substantial weight. The VA relied on reports from Dr. Tanika Christensen, ARNP Anne Vaughn, and Dr. Carl Paige to find Mr. Corley had a 100% service-connected disability. Tr. 832–38. The ALJ recognized that the VA had determined Mr. Corley had a disability, but correctly noted that the Social Security Administration uses different criteria to find disability. *Id*. at 20.

First, ALJ Reynolds considered, at length, the statements of Dr. Paige and ARNP Vaughn, but ultimately determined "their assessment is not consistent with their own treatment notes of normal gait, essentially normal physical examination except for reduced 4/5 muscle strength, and some reduced range of motion of the cervical spine." *Id*. at 21. Next, the ALJ rejected the findings of Jennifer Sims, NP, because of insufficient clinical findings to support her assessment of disability. Specifically, the ALJ found:

> The VA granted 100 percent disability to the claimant for posttraumatic stress disorder, sciatica, degenerative disc disease of the cervical and lumbar spine, and right kidney failure. However, they provide little reference to specific work activities or functional limitations other than the remarks of Jennifer Sims, NP, that are based on the claimant's subjective report that he cannot walk or stand for more than thirty minutes.

*Id*. The ALJ ultimately determined, while Mr. Corley's impairments cause severe limitations, such limitations did not rise to the severity of complete preclusion from available work. *Id*.

Mr. Corley is, understandably, frustrated that one government agency can find him to be disabled by their standards, while another agency can arrive at the opposite conclusion. However, the Social Security Administration is simply not bound by the determinations of the Veterans Administration. The ALJ properly considered the VA decision and the evidence supporting it, as well as other evidence presented during this proceeding, and decided the

evidence as a whole supported a finding that Mr. Corley could perform light work, rendering him not disabled under the stringent standards of the Commissioner. Because the ALJ's findings are supported by substantial evidence, the Court cannot overturn them. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff William Corley's Motion for Summary Judgment [**R. 7**] is **DENIED**, but the Commissioner's Motion for Summary Judgment [**R. 9**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 8th day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge